UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 11, 2013

LETTER TO COUNSEL:

    RE:    *Tyronia Edison v. Commissioner, Social Security Administration*;
            Civil No. SAG-12-1562

Dear Counsel:

    On May 24, 2012, the Plaintiff, Tyronia Edison, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 20, 25). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Ms. Edison filed her claim on December 10, 2008, and eventually amended her onset date to coincide with her application. (Tr. 151). Her claim was denied initially on June 4, 2009, and on reconsideration on January 29, 2010. (Tr. 78-81, 84-85). Following an initial hearing on October 15, 2010, (Tr. 21-68), an Administrative Law Judge ("ALJ") determined that Ms. Edison was not disabled during the relevant time frame. (Tr. 7-20). The Appeals Council denied Ms. Edison's request for review, (Tr. 1-5), so the ALJ decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Edison suffered from the severe impairments of sarcoidosis, status post knee injury, affective disorders, specifically bipolar disorder, depressive and schizoaffective disorder, and depression. (Tr. 12). Despite these impairments, the ALJ determined that if she refrained from substance use, Ms. Edison retained the residual functional capacity ("RFC") to:

> perform less than a full range of light work as defined in 20 CFR 416.967(b). Claimant requires the ability to alternate between sitting and standing, as necessary, and she should not climb ladders, ropes or scaffolds. She should not be exposed to concentrated exposure of dust, fumes, smoke or other pulmonary irritants. Claimant is restricted to unskilled work.

*Tyronia Edison v. Commissioner, Social Security Administration*
Civil No. SAG-12-1562
April 11, 2013
Page 2

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that if Ms. Edison were to stop substance use, she could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 18-19).

Ms. Edison raises four separate issues on appeal: (1) that the ALJ misapplied 20 C.F.R. 416.935, governing substance abuse; (2) that the ALJ's RFC and hypothetical do not address her severe mental impairment; (3) that the VE erred in testimony regarding sit/stand positions; and (4) that the Appeals Council failed to consider new and material evidence. All of the arguments are unpersuasive.

First, Ms. Edison contends that the ALJ misapplied the regulation governing substance abuse. Ms. Edison's argument is that she cannot "see inside the heads" of the mental health practitioners to determine whether their "work preclusive statements" "were made without any reference to substance abuse." Pl. Mot. 6. No mind-reading is required, because the two practitioners at issue, P. Woods and Dr. Martin, both expressly find that Ms. Edison's impairments are in large part attributable to her substance abuse. *See* (Tr. 639) (P. Woods's determination that, "Claimant's functioning appears to be impaired by her substance abuse issues. Adls reveal her to be fairly functional. She seems capable of work activity."); (Tr. 592) (Dr. Martin's conclusion that, "Her prognosis is limited due to years of alcohol dependence and poor insight."). In the opinion, to address Ms. Edison's other impairments, the ALJ noted that, "Claimant rarely sought treatment for her impairments other than her substance abuse and minor injuries secondary to intoxication." (Tr. 17). The ALJ further noted that, "She has not consistently sought or received treatment for her mental health condition outside of her substance abuse." *Id.* The ALJ cited specific examples from the medical record to support those statements. *Id.* In light of that analysis, and the statements by P. Woods and Dr. Martin citing the alcohol dependence as a significant part of Ms. Edison's limitations, the ALJ provided substantial evidence supporting the determination that Ms. Edison could work if she refrained from substance use.

I agree with Ms. Edison that the ALJ has not adequately explained his determination that, with her substance use included, Ms. Edison's impairments meet the requirements of various Listings. However, that error is harmless, because, as discussed above, the ALJ has cited adequate support for his ultimate conclusion that Ms. Edison would be capable of substantial gainful employment if she were to abstain from substance use.

Ms. Edison's argument that the ALJ failed to include her moderate limitation in concentration, persistence, and pace in the RFC is deficient. The finding of a moderate impairment in concentration, persistence, and pace does not indicate that restrictions other than a limitation to unskilled work would be necessary. *See, e.g., Bell v. Astrue,* No. 8:07–cv–00924–JKS, slip op. at *8 (D.Md. Mar. 12, 2008) ("Even a finding of moderate impairment in a particular broad functioning area does not automatically indicate that a claimant's condition will significantly impact his or her ability to perform work-related functions.") (citations omitted).

*Tyronia Edison v. Commissioner, Social Security Administration*
Civil No. SAG-12-1562
April 11, 2013
Page 3

      Ms. Edison next contends that the VE's testimony was erroneous. Ms. Edison argues that "the VE asserted that due to his 'experience,' there would be no difference in the numbers of jobs described in the Dictionary of Occupational Titles with or without a sit-stand option." Pl. Mot. 8. A review of the hearing transcript, however, reveals no such testimony. The VE simply testified that sit/stand options for the positions of cashier, rental clerk, and mail clerk are not described in the DOT, but that the availability of such positions "comes from professional experience as a vocational counselor." (Tr. 67). Neither the ALJ nor Ms. Edison's attorney asked the VE to provide specific numbers of available positions with a sit/stand option. It is clear that the ALJ's findings regarding numbers of local and national positions were in error, because the ALJ used the numbers that the VE had provided before the VE understood that a sit/stand option had been included in the hypothetical. (Tr. 19). However, that error does not warrant remand. The jobs cited by the VE, in total, number over 40,000 local positions, and over 80,000 positions in the state of Maryland. A sit/stand option typically reduces the number of available positions by about half. *See, e.g., Martin v. Commissioner,* No. SAG-11-3015, 2012 WL 5511920, at *2 (D. Md. 2012) ("The VE specifically testified that she was cutting the numbers of available positions in half to reflect the number of front desk clerk positions that would accommodate Mr. Martin's need for reduced walking and a sit/stand option."); *Baron v. Astrue,* No. 6:09-cv-00035, 2010 WL 3909926, at *3 (W.D. Va. 2010) ("The VE testified that, although the *Dictionary of Occupational Titles* ("*DOT*") does not identify jobs with a sit/stand option, she could nonetheless estimate that, based on her skill, experience, and "what [she saw] in the definition" of the identified jobs, approximately half of the jobs identified would be available with a sit/stand accommodation.")

      Last, Ms. Edison argues that the Appeals Council should have considered opinions from treating physicians dated February 24, 2011 and March 9, 2011. (Tr. 933-58). The Appeals Council must review additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dept. of Health & Human Servs.,* 953 F.2d 93, 95-96 (4th Cir. 1991); *see* 20 C.F.R. § 404.970(b). Ms. Edison's evidence fails to meet the last factor, because the ALJ's decision was dated in October, 2010. There is no evidence that either physician met or examined Ms. Edison until well after the ALJ decision had issued.

      For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 20) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 25) will be GRANTED. The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                        Sincerely yours,

                                         /s/

                                         Stephanie A. Gallagher

*Tyronia Edison v. Commissioner, Social Security Administration*
Civil No. SAG-12-1562
April 11, 2013
Page 4

                                                         United States Magistrate Judge